**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

      **Plaintiff,**

**v.**                                                        **Case No. 07-20070-01-JWL**

**Monica M. Williams n/k/a/**
**Monica Gonzales,**

      **Defendant.**

## <u>MEMORANDUM AND ORDER</u>

In February 2008, defendant Monica M. Williams entered a plea of guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. The judge assigned to this case at the time sentenced defendant to 5 months of imprisonment. The judgment also included a restitution obligation of $46,819.45 and ordered defendant jointly and severally liable to pay that obligation with a co-defendant. As of April 2026, defendant has paid more than $36,000 towards the restitution obligation, her co-defendant has paid less than $2000 towards the restitution obligation, and the remaining balance due is $8,881.34. This matter is now before the court on defendant's motion for consideration of restitution balance forgiveness (doc. 69). In her motion, defendant seeks relief from the remaining restitution obligation, citing financial hardship and the lack of any meaningful contribution from her co-defendant. Because the court lacks authority to provide the relief requested by defendant, the motion is dismissed for lack of jurisdiction.

An order of restitution is a final judgment that may only be altered as set forth in 18 U.S.C. § 3664(o). *United States v. Wyss*, 744 F.3d 1214, 1217-18 (10th Cir. 2014). Section 3664(o) provides that:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> (1) such a sentence can subsequently be—
>
>> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>>
>> (B) appealed and modified under section 3742;
>>
>> (C) amended under subsection (d)(5); or
>>
>> (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

Defendant has not asserted, and the court cannot discern, any provision found in § 3664(o) that would justify modification of defendant's restitution obligation under the circumstances identified by defendant. Absent an appeal or a resentencing, § 3664(o) provides for amendment of a restitution order only where the amount of the victim's losses was "not ascertainable" at sentencing, and for an adjustment only to a payment schedule, not the total restitution amount due, where a defendant has experienced a change in financial circumstances. *See United States v. Garrett*, No. 2:07-CR-895-TS, 2026 WL 824350, at *2 (D. Utah Mar. 25, 2026). Section 3664(o) does not authorize the modification of a restitution order "where a defendant has paid a disproportionate amount of a joint and several restitution order even where, as here, the disproportionality is significant." *Id*. In fact, "the use of joint-and-several-liability nomenclature in the restitution context serves an important function. It conveys that the victim can be fully

2

compensated even if one of those liable is unable to pay that person's assigned share of the liability." *United States v. Salti*, 59 F.4th 1050, 1058 (10th Cir. 2023).

In sum, because the court is not authorized to provide the relief requested by defendant, the motion is dismissed.

.**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for consideration of restitution balance forgiveness (doc. 69) is **dismissed.**

**IT IS SO ORDERED.**

Dated this 15th day of May, 2026, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge
